**SIGNED THIS: November 13, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 14-71307 |
| RONALD W. NOTHDURFT and ) | |
| NANCY A. NATTERMAN-NOTHDURFT, ) | Chapter 7 |
| ) | |
| Debtors. ) | |

# O P I N I O N

Before the Court is the Chapter 7 Trustee's Objection to the Debtors' claim of exemptions. Debtors have claimed as exempt $4000 held in a bank account and traceable to Social Security benefits and an additional $4000 held in the bank account traceable to pension payments received from the State of Illinois. Because the exemption provision relied on by the Debtors does not shield Social Security benefits already received, the Trustee's objection to that exemption claim will be

sustained. The Debtors' claim of exemption in the retirement funds, however, will be allowed, and the Trustee's objection to that exemption will be denied.

## I. Factual and Procedural Background

Ronald Nothdurft and Nancy Natterman-Nothdurft ("Debtors") filed their voluntary petition under Chapter 7 of the Bankruptcy Code on July 17, 2014. The Debtors disclosed ownership of a Credit Union 1 bank account in the amount of $8000 on their Schedule B. On their Schedule C, the Debtors claimed $4000 of the funds as exempt pursuant to the Illinois exemption for the "right to receive" Social Security, public assistance, unemployment compensation, veterans benefits and disability payments. *See* 735 ILCS 5/12-1001(g)(1)-(3). The Debtors have since clarified that they claim the $4000 is traceable to Social Security benefits they received pre-petition. The Debtors also claimed $4000 in the account exempt under the Illinois exemption for retirement benefits. *See* 735 ILCS 5/12-1006.

The Trustee objected to both claimed exemptions. She asserts that, under Illinois law, only the right to receive Social Security benefits is exempt. And she argues that the Illinois exemption for retirement benefits likewise applies only to funds held in qualified accounts or to the right to receive benefits and distributions in the future. She argues that once either Social Security or retirement benefits are received and held in a general checking or savings account, Illinois law no longer provides an exemption for such funds.

Both parties have briefed the legal issues, and the matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues presented here pursuant to 28 U.S.C. §1334. Resolving issues regarding the allowance or disallowance of exemptions from property of the estate are core proceedings. 28 U.S.C. §157(b)(2)(B).

## III. Legal Analysis

### A. Illinois Law Provides an Exemption Only for the Right to Receive Social Security Benefits.

Debtors assert that $4000 of the funds held in their Credit Union 1 account on the date of filing are traceable to Social Security benefits they received pre-petition. They claim their exemption pursuant to 735 ILCS 5/12-1001(g)(1), which provides in part:

> Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> . . . .
>
> (g) The debtor's right to receive:
>
> . . . .
>
> (1) a social security benefit, unemployment compensation, or public assistance benefit[.]

735 ILCS 5/12-1001(g)(1).

This Court has joined other courts in holding that the exemptions provided by §12-1001(g) are limited by the language in the statute providing that the exemption applies only to the "right to receive" the listed benefits. *See In re Austin*,

2014 WL 3695370, at *3 (Bankr. C.D. Ill. July 24, 2014); *In re Bowen*, 458 B.R. 918, 922 (Bankr. C.D. Ill. 2011); *see also In re Franklin*, 506 B.R. 765, 768 (Bankr. C.D. Ill. 2014) (Perkins, J.); *In re McQuaid*, 492 B.R. 514, 517 (Bankr. N.D. Ill. 2013) (Cassling, J.). Funds received pre-petition and held on account are not exempt under §12-1001(g). *Austin*, 2014 WL 3695370, at *3.

In their brief, the Debtors spend little time arguing that §12-1001(g) actually provides an exemption for the funds held in their Credit Union 1 account. Instead, they focus on the exemption for Social Security benefits provided by federal law. *See* 42 U.S.C. §407. But this Court cannot consider whether an exemption not claimed by the Debtors might shield the funds if such exemption were claimed. The Trustee correctly argues that the burden is on the Debtors to fully disclose their assets and assert proper exemptions for such assets. The Debtors' suggestion that the Court should skip the formalities and allow an exemption they have never claimed must be rejected.

The Debtors also rely on this Court's decision in *In re Lichtenberger*, 337 B.R. 322 (Bankr. C.D. Ill. 2006). But their reliance is misplaced. In *Lichtenberger*, exemptions for Social Security benefits under both Illinois and federal law were discussed, and this Court pointed out that the proper exemption for Social Security benefits received pre-petition is under the federal statute. *Id.* at 323, n.1. *Lichtenberger* provides no support for the Debtors here.

Section 12-1001(g)(1) exempts only the Debtors' right to receive Social Security benefits. Because the benefits in the Credit Union 1 account were received pre-petition, the Illinois exemption does not apply and is properly

disallowed. The disallowance is without prejudice to the Debtors to amend their claim of exemptions if they choose to do so.

### B. Pension Distributions Held on Account May Be Exempt under Illinois Law.

Debtors claim that an additional $4000 held in their Credit Union 1 account is exempt because the funds are traceable to State of Illinois pension payments. They claim their exemption pursuant to 735 ILCS 5/12-1006(a), which provides, in part, as follows:

> Exemption for retirement plans. (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of the debt[.]

735 ILCS 5/12-1006(a).[1]

In objecting to the claim of exemption for pension payments held in the Credit Union 1 account, the Trustee focuses on the language of the statute which says that the exemption applies to a "debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions . . . or other payments under a retirement plan[.]" 735 ILCS 5/12-1006(a). She claims that the exemption by its own terms applies only to funds actually held in a retirement account or to a

---

[1] The statute also contains a detailed list of the types of retirement and pension plans and accounts that are included in the exemption. *See* 735 ILCS 5/12-1006(b). Here, the Trustee does not dispute that the Debtors are receiving payments from a public employee pension plan which comes within the statutory definition of the "retirement plans" subject to the exemption.

-5-

debtor's right to receive funds from a retirement account or pension plan. She claims that the provision cannot be read to extend to pension distributions already received.

The Debtors disagree. They rely on *Auto Owners Ins. v. Berkshire*, 225 Ill. App. 3d 695 (1992), which is the only Illinois case directly on point. In *Auto Owners*, the Appellate Court of Illinois held that §12-1006 provides a broad exemption which not only shields assets held in qualified retirement accounts and the right to receive pension distributions, but also protects pension payments already received, so long as the funds claimed to be exempt remain intended for a debtor's support.[2] *Id.* at 700-01. The Appellate Court found that funds received as periodic pension payments "retained their character" when deposited into a checking account and, if the funds were intended to be used for current support, "the funds were exempt and stayed exempt[.]" *Id.*

*Auto Owners* continues to be cited for the proposition that §12-1006 "protects a debtor's interest in the proceeds traceable to pension plan payments[.]" *In re Marriage of Thomas*, 339 Ill. App. 3d 214, 227 (2003). The Trustee acknowledges that a federal court applying Illinois law must attempt to predict how the Illinois Supreme Court would decide the issue. And where, as here, the Illinois Supreme Court has not ruled on an issue, a decision of the Illinois

---

[2] *Auto Owners* distinguishes funds held for current use from funds withdrawn in a lump sum and then held for investment. *Auto Owners*, 225 Ill. App. 3d at 698-99. The latter lose their exempt character. *Id.* Here, the Trustee does not claim that the Debtors are holding the funds for investment and does not argue that the funds are intended to be used for anything other than current support.

-6-

Appellate Court directly on point controls the prediction. *See Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997). Thus, in the absence of any Illinois case law to the contrary, *Auto Owners* remains good law and the predictor of how the Illinois Supreme Court would rule on the applicability of §12-1006 to pension payments held under the circumstances presented here.[3]

Nevertheless, the Trustee asks this Court to consider how other federal courts have construed §12-1006. For example, the Trustee points out that the Seventh Circuit described the exemption available under §12-1006 by stating that it "covers two kinds of entitlements: rights 'to the assets *held in*' pension plans, and rights to '*receive* pensions . . . *under* a retirement plan[.]' " *In re Weinhoeft*, 275 F.3d 604, 605-06 (7th Cir. 2001) (emphasis in original). Although the *Weinhoeft* definition of the exemption provided by §12-1006 is more limited than the *Auto Owners* definition and, accordingly, would tend to support the Trustee's position, the *Weinhoeft* court recited the definition for the purpose of finding that proceeds received in settlement of a wrongful discharge action were not retirement funds in the first place. The *Weinhoeft* court had no issue before it which would suggest that it intended to precisely define the scope of the §12-1006 exemption in a way that would be helpful to resolving the issues here.

The Trustee also relies on *In re Lee*, 514 B.R. 578 (Bankr. C.D. Ill. 2014) (Perkins, J.), and *In re Holtermann*, 1999 WL 33582613 (Bankr. C.D. Ill. June 21,

---

[3] This Court's familiarity with *Auto Owners* long precedes this case, having represented the defendant-appellant, Mr. Berkshire, in *Auto Owners* while in the private practice of law many years before appointment to the bench. *See Auto Owners*, 225 Ill. App. 3d at 696.

1999) (Altenberger, J.), in support of her position. Both cases focus on the "right . . . to receive" language in §12-1006 and question whether *Auto Owners* was correctly decided. *Holtermann*, 1999 WL 33582613, at * 3-4; *Lee*, 514 B.R. 584-85. But neither case holds that *Auto Owners* is no longer good law. And more importantly, neither case discusses the "interest in" phrase of §12-1006 which must also be considered in determining whether retirement funds and pension payments already received and held for current support are exempt.

*Auto Owners* says that it relies on the plain meaning of the statute. *Auto Owners*, 225 Ill. App. 3d at 698. That plain meaning, however, is somewhat difficult to ascertain because of the complex sentence structure of the provision. But the sentence can be dissected and, when phrases not necessary for the resolution of the issue at hand are ignored, the "true intent and meaning" of the statute is discernible. *Id.*

The exemption provision has two parts. The first part may be read: "A debtor's interest in or right . . . to the assets held in . . . a retirement plan is exempt[.]" 735 ILCS 5/12-1006(a). There is little dispute that assets actually held in retirement plans or qualified accounts are exempt. But that does not help the Debtors here because they make no claim that their Credit Union 1 account is a qualified account.

Rather, the Debtors claim their exemption under the second part of the provision. That part may be read: "A debtor's interest in or right . . . to receive pensions, annuities, benefits, distributions, refunds of contributions or other payments under a retirement plan is exempt[.]" *Id.* The Trustee claims that this

section is limited to the right to receive payments, but her argument ignores the language that provides an exemption for an "interest in" distributions and payments. The "interest in" language is not limited to future interests, and therefore certainly includes the Debtors' current interest in the distributions they received from the State of Illinois. There is no fair reading of the statute which would allow exclusion of the "interest in" language as it relates to the exemption protecting distributions, payments, and the like.

*Auto Owners* held that §12-1006 is "broad and all inclusive" and "allows the debtor to receive benefits and to use them as well." *Auto Owners*, 225 Ill. App. 3d at 698. Here, the Debtors have received pension payments and are holding them in a modest account for use for their current support. They have an "interest in" such funds which is exempt under §12-1006.

### IV. Conclusion

The Debtors claimed funds traceable to Social Security benefits exempt under Illinois law. But the provision relied on exempts only the right to receive such benefits in the future, so the exemption must be denied. The Debtors may well be able to claim the benefits exempt under federal law, but it is up to them to affirmatively do so.

The Debtors also claimed funds traceable to pension payments as exempt under Illinois law. Because the Illinois exemption under §12-1006 exempts not only the right to receive such benefits in the future but also any "interest in" such benefits, the claimed exemption will be allowed, and the Trustee's objection will

be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###